UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Juan Gonzalez,<br><br>    Petitioner,<br><br>    v.<br><br>Tim Christianson,[1]<br><br>    Defendant. | Case No. 14 C 3465<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

Petitioner Juan Gonzalez brings a Petition for Writ of Habeas Corpus ("Petition") [1] pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of Cook County. Petitioner was convicted of possession of cocaine and sentenced to twelve years of imprisonment. Ex. A. For the following reasons, this Court denies the Petition, and declines to issue a certificate of appealability.

**I.    Legal Standard**

Federal review of state court decisions under Section 2254 is limited. With respect to a state court's determination of an issue on the merits, habeas relief can be granted only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[1] Because Petitioner is on parole, Tim Christianson, in his capacity as the current Chief of Parole, is the "state officer having custody of the applicant," and is substituted for Randy Pfister as the named respondent in this case. *See* Habeas Rule 2; *Poole v Gaetz*, No. 13 C 3688, 2013 WL 1679389, at n. 1 (N.D. Ill. Apr. 16, 2013) (substituting chief of parole as respondent where habeas petitioner was on parole); *see also Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

1

proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). The Court presumes that the state court's account of the facts is correct, and Petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Coleman v. Hardy*, 690 F.3d 811, 815 (7th Cir. 2012).

## II. Background and Procedural History

The Court begins by summarizing the facts and procedural history from the state court record [13] (attaching Exhibits A to F4). Because Petitioner does not point to any clear and convincing evidence that the state court's factual determinations were incorrect, the Court will rely on those facts here. 28 U.S.C. § 2254(e)(1).

### A. Trial

Petitioner here was charged with two counts: (1) possession of a controlled substance; and (2) possession with intent to distribute. Ex. B at 5. On July 20, 2011, Petitioner was convicted of cocaine possession, but acquitted of possession with intent to distribute. Ex. F4 at A-11; Ex. A at 1. Petitioner was originally sentenced to 14 years, but that sentence was reduced to 12 years upon reconsideration. Ex. A at ¶ 2. Petitioner's conviction arose from his involvement in the sale of cocaine to an undercover police officer, and his possession of the cocaine during that exchange. *Id.*

Petitioner was arrested on June 25, 2009, when an undercover Chicago police officer ("Undercover Officer") initiated a drug sale of 502 grams of cocaine. *Id.*

2

Petitioner was a passenger in a pick-up truck driven by Nicanor Coronado who, according to the Undercover Officer's testimony, arranged to sell half a kilogram of cocaine to the Undercover Officer. *Id.* The State presented unrebutted testimony that Petitioner told the Undercover Officer, who had been waiting to receive the drugs, that Petitioner's friend would be bringing the drugs shortly. *Id.* Officer Gonzalez (no relation to Petitioner) was conducting surveillance of the arranged purchase and testified that he observed an unknown man hand a red and yellow paper box to Coronado. *Id.* Although Gonzalez did not observe Coronado give the box to Petitioner, he observed Petitioner exit the truck holding what appeared to be the same box, and place the box in the bed of the truck. *Id.* The evidence showed the box contained 502 grams of cocaine. *Id.* Based on this evidence, the trial court found Petitioner guilty of possession of more than 400 grams but less than 900 grams of cocaine. *Id.*

**B.     Direct Appeal**

On direct appeal, Petitioner's appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See* Ex. A at ¶ 3; Ex. B. Counsel argued that no issues of merit existed warranting argument on appeal. Ex. A at ¶ 3. Petitioner filed a response to counsel's *Anders* motion raising two claims: (1) that the State presented insufficient evidence that he possessed the cocaine; and (2) that his sentence was excessive under Illinois law. Ex. A at ¶ 4; Ex. C. The Illinois Appellate Court granted counsel's motion to withdraw and affirmed Petitioner's conviction and sentence. Ex. A.

3

Petitioner filed a petition for leave to appeal ("PLA") in the Illinois Supreme Court raising the same two claims he argued before the appellate court. Ex. D. On September 25, 2013, the Illinois Supreme Court denied the PLA. Ex. E.

### III. Petitioner's Federal Habeas Corpus Claims

Petitioner filed his federal habeas corpus petition on May 12, 2014, raising the same claims as below: (1) that the State presented insufficient evidence that he possessed the cocaine; and (2) that his sentence was excessive under Illinois law. *See* [1], [5]. Under Section 2254, a federal court "deferentially reviews the decision of the last state court to address [Petitioner's] claims on the merits." *Harris v. Hardy*, 680 F.3d 942, 948 (7th Cir. 2012). Thus, this Court will review the decision of the Illinois State Court of Appeals.

### IV. Analysis

#### A. Claim One

Petitioner argues that the state presented insufficient evidence that he possessed cocaine, and therefore failed to prove him guilty beyond a reasonable doubt under the 14th Amendment. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *In re Winship*, 397 U.S. 358, 367 (1970). Under 28 U.S.C. § 2254(d), this Court may review a claim adjudicated on the merits by a state court only if that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding." *Id.*; *Jensen v. Clements*, 800 F.3d 892, 899 (7th Cir. 2015), *reh'g denied* (Oct. 9, 2015). The Court will address each element of this test in turn.

### i. Contrary to or Unreasonable Application of Law

Petitioner argues that the Illinois Appellate Court's decision was contrary to, or an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). *Jackson* holds that an applicant can win habeas corpus relief under § 2254 if "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.*

"A state court's decision is 'contrary to' federal law if it applies the wrong standard or 'decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Morgan v. Calderone*, 355 Fed. App'x 53, 55 (7th Cir. 2009) (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). Petitioner has not demonstrated that this is true here. First, the Illinois Appellate Court identified the correct legal standard for analyzing the sufficiency of the evidence: whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); Exh. A at 3. Second, the Petitioner has not cited any Supreme Court case addressing a set of materially indistinguishable facts that was decided differently, and the Court has likewise found none in its own review. Thus, the state appellate court's decision was not "contrary to" federal law, and Petitioner's claim fails under that prong of Section 2254. *See Price v. Vincent*, 538 U.S. 634, 640 (2003) (state court decision not

5

"contrary to" federal law where state court identifies applicable Supreme Court precedents and affirmed principles stated therein).

The test for a "reasonable application" challenge under Section 2254 is whether the state court's application of federal law was "objectively unreasonable." *Hardy v. Cross*, 132 S. Ct. 490, 495 (2011) ("Under AEDPA, if the state-court decision was reasonable, it cannot be disturbed"). Under the Due Process Clause, a defendant cannot be "convicted unless the state proves all the elements of the crime beyond a reasonable doubt." *Mitchell v. Williams*, No. 12-CV-1592, 2015 WL 5722447, at *4 (N.D. Ill. Sept. 29, 2015). The appellate court reviewing a trial court for sufficiency of the evidence considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. However, the "Court's role in reviewing such a claim is limited, and it may not reweigh the evidence or substitute its own judgment for that of the trier of fact." *United States ex rel. Navarro v. Atchison*, 69 F. Supp. 3d 810, 820 (N.D. Ill. 2014) (citing *Ford v. Ahitow*, 104 F.3d 926, 939 (7th Cir. 1997)). As such, a "defendant who attacks the legal sufficiency of the evidence supporting a conviction faces a nearly insurmountable burden" because great "deference is given" to the fact finder. *United States v. Phillips*, 239 F.3d 829, 842 (7th Cir. 2001). Under this standard, the Court finds that the state appellate court's decision was not an unreasonable application of federal law.

To sustain a charge of unlawful possession of a controlled substance in this particular case, the State must prove that the defendant knew of the presence of the substance and that the substance was in the defendant's immediate and exclusive control. *People v. McCoy*, 295 Ill. App. 3d 988, 995 (4th Dist. 1998). Here, the appellate court's decision that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" was not objectively unreasonable. *Jackson*, 443 U.S. at 319.

The state appellate court accurately summarized the unrebutted testimony of the police officers involved in the sale. Petitioner told the Undercover Officer that Petitioner's friend would bring the drugs, the drugs were delivered to the truck, and Officer Gonzalez saw Petitioner place the box containing the drugs in Coronado's truck. Thus, Petitioner had possession of the box of drugs both individually (when he walked out of the car and placed the box in the truck bed), and jointly (when the box was in the truck bed and Petitioner was in the car). *People v. Givens*, 934 N.E.2d 470, 286 (Ill. 2010) (if two persons share immediate and exclusive control over contraband, then each has possession; evidence that contraband was on nightstand in bedroom shared by codefendants was sufficient to establish joint possession of contraband).

After reviewing the facts, the state appellate court disposed of Petitioner's claim as follows:

> "While the State must prove a defendant had exclusive control over the contraband, it is well established that exclusive control also encompasses control shared with another person. In a challenge to the sufficiency of the evidence, we must view the evidence (including reasonable inferences

7

therefrom) in the light most favorable to the State, and determine whether any rational trier of fact would have found the defendant guilty beyond a reasonable doubt. On these facts noted above, and in light of the standard of review and prior holdings regarding possession, we hold that any claim of insufficient evidence would be frivolous."

Exh. A at 3 (internal citations and quotations omitted). The state appellate court reasonably concluded that there was sufficient evidence to establish that Petitioner knew that there were drugs in the box, and that Petitioner possessed that box.

Petitioner's argument to the contrary is unavailing as it proposes an alternative explanation for Petitioner's conduct that also shows knowledge and possession of the drugs. According to Petitioner: "it is a strong possibility that when the drugs finally arrived and was [sic] given to Coronado, Coronado placed the drugs on the truck seat and asked the Petitioner to take a ride with him to deliver the drugs to [the Undercover Officer]. But the Petitioner did not feel comfortable with the drugs in the truck right next to him, so he placed the drugs in the back of the truck so there will [sic] be no misunderstanding whose drugs they were." Given the record as a whole, Petitioner's explanation merely confirms, by his own account, that he both knew about the drugs and possessed them personally and constructively. In light of the foregoing, the Court finds that the appellate court's application of federal law was not objectively unreasonable.

### ii. Unreasonable Factual Determination

It is unclear from his pleadings whether Petitioner seeks to claim an unreasonable factual determination. For the sake of completeness, the Court considers the possibility of such a claim here. Under 28 U.S.C. § 2254(e)(1), a state court's factual determinations are "presumed to be correct," and a petitioner bears

8

the burden of rebutting the presumption by clear and convincing evidence. Under Section 2254(d)(2), a state court decision involves an "unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Morgan v. Hardy*, 662 F.3d 790, 801 (7th Cir. 2011). Further, the habeas petition must describe the facts supporting each ground for relief – including claims of unreasonable factual determinations. *See* Rule 2(c)(2); *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). Notice pleading is insufficient in a habeas petition. *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977); *Mayle*, 545 U.S. at 655-56. Thus, claims that do not comply with Rule 2(c) cannot serve as the basis for federal habeas relief. *See Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014); *U.S. ex rel. Holland v. Rednour*, 761 F. Supp. 2d 776, 784 (N.D. Ill. 2010). Here, Petitioner did not specifically claim any factual determination that he felt was unreasonable. As such, the Court finds that – to the extent Petitioner was trying to claim an unreasonable factual determination – he has failed to do so.

**B.     Claim Two**

Petitioner claims that his sentence was excessive under Illinois law. Under the doctrine of cognizability, federal habeas relief is not available for violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (It is "not the province of a federal habeas court to reexamine state court determinations on state law questions"). Petitioner here does not allege a violation of his federal constitutional rights, but asserts that his sentence is excessive under state law because he was

9

only minimally involved in the crime. This claim cannot be reviewed here. *See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (alleged error in application of state sentencing rules is not a cognizable claim for federal habeas relief); *Scott v. Williams*, No. 13 C 596, 2014 WL 2566525, at *6 (N.D. Ill. June 6, 2014) (claim that trial court abused its discretion in imposing sentence not cognizable in habeas corpus). Petitioner's second habeas claim is denied.

## V. Certificate of Appealability

Under Section 2253(c)(2), a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." An applicant has made a "substantial showing" when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446-47 (7th Cir. 2011) (internal citations and quotations omitted). Where a district court dismisses a habeas petition on procedural grounds such as non-cognizability, the petitioner must show not only that jurists of reason would find it debatable whether petitioner has alleged at least one meritorious claim, but also that jurists of reason would find the procedural ruling of non-cognizability debatable. *Slack*, 529 U.S. at 484. The Court finds that it is not debatable that Claim One is meritless and Claim Two is not cognizable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. Conclusion

The Petition for a Writ of Habeas Corpus [1] is denied, and the Court declines to issues a certificate of appealability. The Clerk is directed to enter a Rule 58 Judgment in favor of Respondent and against Petitioner. Civil case terminated.


IT IS SO ORDERED

Dated: December 17, 2015

Ju_____
United States District Court